UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM T. JACKLING,

                           Plaintiff,

v.                                          DECISION AND ORDER

BRIGHTHOUSE LIFE INSURANCE          20-CV-6995-MJP
COMPANY, et al.,

                           Defendants.

---

**Pedersen, M.J.** Before the Court is Defendant Brighthouse Life Insurance Company's motion seeking costs pursuant to 28 U.S.C. § 1927.[1] (Nov. 17, 2021, ECF No. 29.) Plaintiff has not filed any opposition.[2] For the reasons stated below, the Court grants Defendant's motion seeking costs and awards Defendant's counsel a portion of the requested amount.[3]

---

[1] 28 U.S.C. § 1927 reads:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

[2] At the time Defendant filed its motion, Plaintiff was represented by counsel. According to Loc. R. Civ. P. 7(b), a response was due on December 1, 2021. On February 9, 2022, seventy days after the response to Defendant's application was due, counsel filed a motion to withdraw. (First Mot. to Withdraw as Atty., ECF No. 52.) The Court granted that application to withdraw and substitute counsel. (Text Order, Feb. 23, 2022, ECF No. 55.) Substituted counsel for Plaintiff has not requested time to respond to the outstanding application, and during a conference on March 29, 2022, the Court informed substituted counsel it would issue a decision without any further briefing.

[3] The Court notes that this case is being heard under consent jurisdiction. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; W.D.N.Y. L. R. Civ. P. 73. Second, since Plaintiff's counsel's conduct is at issue, the Court will refer primarily to "Plaintiff's counsel" rather than "Plaintiff." Finally, the Court also notes the existence of a companion case and decision and *(continued)*

## PROCEDURAL AND FACTUAL HISTORY

Defendant seeks recovery of costs pursuant to 28 U.S.C. § 1927 because Plaintiff's counsel's actions forced Defendant to engage in "unnecessary motion practice" in filing a motion to dismiss. (Def.'s Mot. Seeking Costs ¶ 3, ECF No. 29.) Defendant originally requested a recovery of costs pursuant to 28 U.S.C. § 1927 in its motion to dismiss. (Mot. to Dismiss ¶ 2, ECF No. 13-1.) Defendant asserts it was forced to conduct unnecessary motion practice because Plaintiff's counsel included and later failed to remove unnecessary defendants from this action.[4] (Compl. at 1, ECF No. 1-1.) Plaintiff's counsel identified several defendants other than Brighthouse Life Insurance Company in his complaint: "Travelers," "Metlife," "Genworth," and "Brighthouse Financial." (Compl. ¶¶ 5–8, ECF No. 1-1.)

Defendant's removal petition put Plaintiff's counsel on notice of Defendant Brighthouse's position that it was the only proper defendant. (Not. of Removal ¶¶ 12–19, ECF No. 1.) Defendant attached Jason Frain's affirmation, which indicated that "Brighthouse Life Insurance Company is the sole entity responsible to the insured under the policy." (Aff. of Jason Frain ¶ 10, ECF No. 1-3.) Defendant attached exhibits to Mr. Frain's affirmation supporting its position. (Aff. of Jason Frain, Exs. A–D, ECF Nos. 1-4, 1-5, 1-6, 1-7.)

As the Court discussed in its decision and order ("D. & O.") concerning the companion case, between that time and Defendant's eventual motion to dismiss the

---

order ("D. & O.") in that case. *See generally*, *Jackling v. Brighthouse Life Ins. Co.*, No. 20-CV-6899-MJP, 2022 WL 831497 (W.D.N.Y. Mar. 21, 2022) (the "companion case").

[4] For simplicity, the Court will refer to the defendants dismissed in its Order, (ECF No. 34), as "the unnecessary defendants."

unnecessary defendants (ECF No. 13), Defendant presented Plaintiff's counsel with additional opportunities to dismiss the unnecessary defendants. *See Jackling v. Brighthouse Life Ins. Co.*, No. 20-CV-6899-MJP, 2022 WL 831497, at *2 (W.D.N.Y. Mar. 21, 2022) (discussing procedural history). The Court will incorporate that discussion by reference.

Notably, Plaintiff's counsel responded to the motion to dismiss only in the companion case. Plaintiff's counsel stated:

> There remains concern on the part of Plaintiff whether he should rely upon the word of the Defendants who have only provided self-serving documents claiming that these defendants are no longer responsible for the claims of the Plaintiff.

*Id.* (quoting Pl.'s Resp. to Def.'s Mot. to Dismiss at 1, ECF No. 21) The Court dismissed the unnecessary defendants in its order dated October 18, 2021. (ECF No. 24.)

In its order, the Court also directed the parties to meet and confer on the issue of costs. (*Id.*) Plaintiff's counsel indicated to the Court that the parties did not come to a resolution. (Letter Mot. for Hr'g, ECF No. 26.) Accordingly, the Court held a hearing on November 23, 2021, where both Plaintiff's and Defendant's counsel appeared and had an opportunity to be heard.[5] (ECF No. 31.)

---

[5] "[D]ue process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (quoting *Ted Lapidus, S.A., v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997)) (emphasis in original). That requirement has been met here through the November 23, 2021, hearing where the Court addressed the pending 28 U.S.C. § 1927 motion. (ECF No. 31.)

3

## STANDARD OF LAW

The Court may require "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. When analyzing a motion pursuant to this statute, the Court must find that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment and delay." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)). Although "inferences of bad faith are disfavored," *see Eiseman v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000), a finding of "[b]ad faith can be inferred when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Gissendaner v. Credit Corp. Sols., Inc.*, 358 F. Supp. 2d 213, 224 (W.D.N.Y. 2019) (quoting *Schlaifer Nance & Co.*, 194 F.3d at 338).

## DISCUSSION

Attorneys who practice before this Court "assume responsibilities to their client, to the opposing parties and their counsel, and to the Court." *Hart v. Blanchette*, No. 13-CV-6458CJS, 2019 WL 1416632, at *1 (W.D.N.Y. Mar. 29, 2019), *report and recommendation adopted sub nom. Hart v. Crab Addison, Inc.*, No. 13-CV-6458 CJS, 2021 WL 2002996 (W.D.N.Y. May 19, 2021). One such responsibility, common both to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, is that attorneys must ensure that claims have "legal and factual support," when "considered in light of the reasonable beliefs of the individual making the claim." *Schlaifer Nance & Co.*, 194 F.3d at 337 (internal

4

quotations omitted); *cf.* W.D.N.Y. L. R. Civ. P. 11(a) (noting that where attorneys "fail[] . . . to complete the necessary preparations" for "appear[ing] before the Court," the Court may issue sanctions).

Here, Plaintiff's counsel lacked "evidentiary support" for the "factual contention" that the unnecessary defendants needed to be included in this litigation. Fed. R. Civ. P. 11(b); *see also Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) ("Sanctions may be . . . imposed when court filings . . . are not supported by existing law, lack evidentiary support, or are otherwise frivolous."). The Court so ruled (Order, *Jackling as Executor v Brighthouse*, No. 20-CV-6899-MJP, ECF No. 34) and Plaintiff has yet to advance any such evidentiary support or factual contention other than his apprehension at relying on Defendant's self-serving statements. (Pl.'s Resp. to Def.'s Mot. to Dismiss at 1, *Jackling as Executor v Brighthouse*, No. 20-CV-6899-MJP, ECF No. 21.)[6]

Based on Plaintiff's counsel's failure to investigate, the Court will infer bad faith. While counsel's inclusion of the unnecessary defendants in the complaint, standing alone, would not transgress 28 U.S.C. § 1927, the Court infers from his repeated failures to remove those defendants that his purpose was an "improper" one, "such as delay," amounting to bad faith. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). The removal petition (ECF No. 1) and correspondence noted in the companion case, *see* 2022 WL 831497, at *3 (citing "correspondence from Defendant's counsel dated January 12, 2021 (ECF No. 13-13)"), should have prompted Plaintiff's

---

[6] As noted above, Plaintiff responded to the motion to dismiss only in the companion case.

counsel to determine whether the unnecessary defendants should have been voluntarily removed. Plaintiff's counsel failed to do so. At the hearing on this matter, Plaintiff's counsel simply stated he was relying on "blind faith" on Defendant's counsel's representations about the unnecessary defendants. (Recording of Nov. 23, 2021, Proceedings, ECF No. 35, on file with the Court.) Even then, Plaintiff's counsel had failed to examine whether the unnecessary defendants were, in fact, unnecessary. *Cf.* W.D.N.Y. Loc. R. Civ. P. 11(a) & (b) (sanctions may be imposed on counsel where counsel fails "to complete the necessary preparations" for "appear[ing] before the Court" and the Court finds "that sanctions . . . would be inadequate or unjust to the defaulting party"). A finding of bad faith is warranted because a cursory examination of the Defendant's documents, or an independent inquiry, would have obviated the need for Defendant's motion to dismiss. No reason, other than a desire to delay and obfuscate, explains Plaintiff's counsel's conduct. Accordingly, the Court finds that assessing fees on Plaintiff's counsel under 28 U.S.C. § 1927 is warranted.

### *Calculating Attorney's Fees*

Section 1927 allows the Court to require payment of "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Defendant seeks a recovery of attorney's fees in the amount of $3,180.00. (Decl. of Jeffrey R. Kingsley, Esq., ("Kingsley Decl.") ¶ 20, ECF No. 29-1.) Accordingly, the Court will employ the lodestar method because it is the "starting point" for determining a fees award. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("While the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error.").

It is the starting point also because "the Supreme Court's directive that fee award calculations be 'objective and reviewable,' impl[ies] [that] the district court should at least provide the number of hours and hourly rate it used to produce the lodestar figure." *Id.* (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)).

Courts calculate the "lodestar" figure by "multiply[ing] 'the number of hours reasonably expended' by a 'reasonable hourly rate.'" *Schneider on behalf of A.T. v. City of Buffalo*, No. 18-CV-1431 V(SR), 2021 WL 5042502, at *3 (W.D.N.Y. Oct. 29, 2021) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Once calculated, there is a "strong presumption" that the lodestar figure is reasonable, but this presumption "may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Ceglia v. Zuckerberg*, No. 10-CV-00569A(F), 2012 WL 503810, at *4 n. 6 (W.D.N.Y. Feb. 14, 2012 (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)); *see also McPhaul v. Ingisht Mgmt. Partners*, No. 1:19-CV-1392, 2022 WL 542534 (W.D.N.Y. Feb. 23, 2022) ("Generally, the 'lodestar' creates a presumptively reasonable fee, guided by the *Arbor Hill* factors.") "The court may then adjust the lodestar amount [by] factoring in the *Arbor Hill* considerations." *McPhaul*, 2022 WL 542534, at *3.[7] Application of those factors, in addition to determining the

---

[7] The *Arbor Hill* factors are as follows:

(1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience,

*(continued)*

7

lodestar figure, are "issues generally confined to the sound discretion of the court." *Cush-Crawford v. Adchem Corp.*, 94 F. Supp. 2d 294, 301 (E.D.N.Y. 2000), *aff'd* 271 F.3d 352 (2d Cir. 2001).

*Reasonable Hourly Rate*

Based on Defendant's billed amount divided by the hours worked, Defendants seek an in-district hourly rate of $300. (Kingsley Decl. ¶ 18, ECF No. 29-1.) For the reasons stated below, the Court finds this rate is reasonable.

Using a $300 hourly rate is appropriate, first, because the Western District has frequently applied higher "reasonable in-district rates" to partners with experience levels similar to Defendant's counsel. *See, e.g.*, *New York v. Grand River Enterprises Six Nations, Ltd.*, No. 14-CV-910A(F), 2021 WL 4958653, at *4 (W.D.N.Y. Oct. 26, 2021) (awarding $500 hourly fee to attorney with 20 years of experience); *DIRECTV, LLC v. Wright*, No. 1:15-cv-00474-FPG, 2020 WL 289156, at *2 (W.D.N.Y. Jan. 21, 2020) (awarding hourly rates ranging from $385 to $490). In a 2016 case, *In re Eastman Kodak ERISA Litigation*, the Western District applied "reasonable in-district rates" of $325 an hour for partners and other senior counsel and $300 an hour for associates. 213 F. Supp. 3d 503, 506. Given that "[t]he rates used by the court

---

reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

522 F.3d at 186 n. 3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). Since the applicable *Arbor Hill* factors are considered in computing the lodestar figure, the Court will not consider them further. *See Davis v. Shah*, No. 12-CV-6134 CJS, 2017 WL 2684100, at *3 (W.D.N.Y. June 22, 2017) (quoting *Gortat v. Capala Bros., Inc.*, 621 F. App'x 19, 22 (2d Cir. 2015)) ("In setting the reasonable hourly rate, courts should bear in mind . . . the *Johnson* [i.e. *Arbor Hill*] factors.").

should be current rather than historic hourly rates," *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006), the Court is persuaded that $300 per hour is reasonable since it would have fallen below the "reasonable in-district rates" for partners like Defendant's counsel in 2016. *In re Eastman Kodak*, 213 F. Supp. 3d at 506.

Second, the Court's own knowledge of the district supports the proposition that $300 is a reasonable hourly rate. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may use its knowledge of the relevant market when determining the reasonable hourly rate.") For the reasons stated, the Court finds that a $300 hourly fee is "[a] reasonable rate . . . in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Schneider*, 2021 WL 5042502, at *3 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)).

### *Reasonable Hours Billed*

Next, the Court must consider the "reasonable number of hours required by the case." *Millea*, 658 F.3d at 166. "[A]ny attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records." *Godson v. Eltman, Eltman & Cooper, P.C.*, 328 F.R.D. 62–63 (W.D.N.Y. 2018) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). "To determine the reasonableness of the hours spent on litigation, the court must make a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were

usefully and reasonably expended." *Id.* (quoting *McLaughlin v. IDT Energy*, 14 CV 4107 (ENV)(RML), 2018 WL 3642627, at *18 (E.D.N.Y. July 30, 2018)).

Concerning documentation of hours, the "requesting party" must "submit evidence supporting the number of hours worked and the hourly rate claimed." *Grand River Enterprises*, 2021 WL 4958653, at *2 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Attorneys "should include 'contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Schneider*, 2021 WL 5042502, at *3 (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Defendant satisfies the documentation requirement. Defendant has provided a breakdown "listing the time spent on the case, the attorney performing the services . . . and a description of the work performed." *Martinez*, 330 F.R.D. at 66. Defendant's counsel stated that the fees "are correct" and "were actually and necessarily performed." (Kingsley Decl. ¶ 19, ECF No. 29-1.) While the Court accepts the sufficiency of Defendant's documentation for purposes of considering Defendant's motion pursuant to 28 U.S.C. § 1927, the Court will reduce the fees award for the following reasons.

Although it appears that counsel has reduced his costs request,[8] the Court will award only part of Defendant's requested attorney's fees because some of the hours logged were "redundant, or otherwise unnecessary." *Schneider*, 2021 WL 5042502, at *3 (quoting *Kirsch*, 148 F.3d at 173); *see also Martinez*, 330 F.R.D. at 72 (reducing

---

[8] Defendant requests $3,180. (Kingsley Decl. ¶ 18, ECF No. 29-1.) Attached as an exhibit to the Kingsley Declaration Defendant includes what appears to be an earlier draft of his proposed fees for $5,940. (Kingsley Decl. Ex. A at 5, ECF No. 29-2.)

10

award because of "vague" and "duplicative" items). First, a more junior lawyer could have prepared the motion to dismiss since it relied heavily on the removal petition, and on filings in the companion case, making some of the costs associated with it, "unnecessary." *Id.* For example, Defendant essentially attached the entire removal petition to the motion to dismiss. (Mot. to Dismiss, Exs. 2, 3, 3-A, 3-B, 3-C, 3-D, 4, ECF No. 13-2–13-5.) Even in the new documents prepared for the motion to dismiss, some arguments were essentially the same as those presented in the removal petition. (*Compare* Removal Petition ¶ 28, ECF No. 1, *with* Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 11, ECF No. 13-15.) Nonetheless, assuming that Defendant's counsel's expertise was necessary for filing the motion to dismiss, his "affirmation fails to explain" why they were required. *Cf. Schneider*, 2021 WL 5042502, at *3. Defendant's counsel uses vague terms such as "augment." (Kingsley Decl. ¶ 18, ECF No. 29-1.) This is important since "the total number of hours expended" seems "excessive in light of the rather routine nature" of refashioning the removal petition's material for the motion to dismiss. *Grand River Enterprises*, 2021 WL 4958653, at *6.

For these reasons, the Court will exercise its discretion "to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Schneider*, 2021 WL 5042502, at *3 (quoting *Kirsch*, 148 F.3d at 173); *see also Martinez*, 330 F.R.D. at 72 (quoting *T.S. Haulers, Inc. v. Cardinale*, No. 09 CV 451, 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011)) ("Where entries on a time sheet are vague or duplicative or otherwise insufficient, a court need not itemize individual entries as excessive; rather, it may make an 'across-the-board reduction, or percentage cut, in the amount of hours.'"). The Court determines that a 30%

reduction is appropriate. Such a reduction is in line with other decisions of the Western District. *See, e.g., Grand River* Enterprises, 2021 WL 4958653, at *6 (applying reduction of 30% specifically "to account for probable redundancy, overstaffing, block-billing, and fat-trimming"); *Scott-Iverson v. Independent Health Ass'n, Inc.,* 2016 WL 1457881, at *4 (W.D.N.Y. Apr. 14, 2016) (applying 30% reduction for "redundancies inherent in Defendant's block-billing and to eliminate probable unnecessary time").

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion for costs pursuant to 28 U.S.C. § 1927. The Court directs Plaintiff's counsel, David S. Stern, Esq., to issue a check in the amount of $2,226 to Goldberg Segalla, LLP, within 30 days of the date of this D. & O.

SO ORDERED.

DATED:   April 28, 2022
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge