UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**William T. Jackling,**

       Plaintiff,

v.

**Brighthouse Life Insurance Co.,**

       Defendant.

**ORDER**

20-cv-6995-MJP

**INTRODUCTION and PROCEDURAL HISTORY**

**Pedersen, M.J.** On October 6, 2023, *pro se* Plaintiff William T. Jackling filed his first motion for reconsideration.[1] (ECF No. 79.) Jackling would like the Court to reconsider its decision granting Brighthouse summary judgment. (ECF No. 77, Sept. 6, 2023.) But his motion was untimely. The Court thus rejected his first motion for reconsideration in a text order dated October 11, 2023. (ECF No. 82.)

Since then, Jackling has repeatedly contacted the Court. After the Court advised Jackling that it could not consider his informal submissions, on November 3, 2023, Jackling filed a second motion for reconsideration. (ECF No. 84; *see also* Text Order, ECF No. 83, Oct. 12, 2023 (denying Jackling's email request "asking that the

---

[1] There is a small chance that Jackling placed his motion into the Clerk of the Court's dropbox on October 5, 2023. Although the Clerk's office checks the dropbox each day, it is possible—but unlikely—that Jackling placed his motion there after the Clerk's office checked the dropbox on October 5. This makes no difference. As discussed below, Jackling's motion was due by October 4, 2023.

1

Court hold a hearing or otherwise revisit its Text Order … denying Plaintiff's motion for reconsideration").[2])

While the Court's text order denying the first motion for reconsideration was clear, (ECF No. 82), the Court nonetheless provides this order to explain to Jackling why it denied his first motion for reconsideration. (ECF No. 79.) The Court recognizes Jackling is *pro se* and civil procedure is difficult for unrepresented litigants. But the Court also provides this order to state that this is the end of Jackling's case. Jackling may proceed with his appeal to the Second Circuit. If Jackling believes the Court wrongly denied his motion for reconsideration, he may raise the issue there.

## DISCUSSION

***Motions to reconsider must be filed within 28 days of entry of judgment. Jackling did not comply with that rule.***

Under the plain language of Fed. R. Civ. P. 59(e), Jackling's first motion for reconsideration had to be "**filed** no later than 28 days after the entry of judgment." (Emphasis added). The Clerk's office marked Jackling's motion as filed on October 6, 2023. (ECF No. 79.) Jackling does not challenge that date. However, the Court entered judgment on September 6, 2023. (ECF No. 78.) The deadline to file a motion for reconsideration was thus October 4, 2023. Although Jackling may have **served** his motion for reconsideration on Brighthouse by October 4, 2023, he did not **file** it until October 6, 2023.

---

[2] This text order was mailed to Jackling. (*See* Text Order, ECF No. 82.)

Generally, when a *pro se* litigant like Jackling files a motion they may mail it or submit it in-person at the Clerk's office. The motion is **filed** on the date the Clerk's office **receives it**. *See* Fed. R. Civ. P. 5(d)(2)(A) (filing may be accomplished "by delivering" the document "to the clerk"); *see also Greenwood v. State of N.Y., Off. of Mental Health (OMH)*, 842 F.2d 636, 639 (2d Cir. 1988) (holding that papers are "filed" when they are "deliver[ed] into the actual custody of the proper officer"). The Clerk's office received Jackling's motion on October 6, meaning that Jackling filed it on that date. It is therefore untimely.

### *Rule 6(d) does not add additional time for filing here.*

Jackling argues that his motion is timely because Fed. R. Civ. P. 6(d) affords him additional time. Jackling **served** his motion by mail. So, Jackling reasons that "3 days are added after the period would otherwise expire" for him to file. *Id*. This is incorrect for two reasons.

First, **service by mail is not filing**. Jackling conflates these. As discussed, the clear-cut rule here is that Jackling had to **file** by October 4.

Second, case law rejects Jackling's argument. As the Seventh Circuit has held: Rule 6(d) "enlarges the filing time only when the period for acting runs from the service of a notice, not when the time begins after the entry of judgment, as it did here." *Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013) (discussing motions for reconsideration) (citation omitted). The time for **filing** a motion to reconsider begins after the entry of judgment. *See id.* ("We now join every circuit that has ruled on this precise issue and conclude that Rule 6(d) … does not extend the deadline for Rule 59(e) motions [for reconsideration].") (collecting cases) (alteration added).

Likewise, courts in the Second Circuit have concluded that where a motion for reconsideration is untimely under a district's local rules, that "is reason enough to deny the motion." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 294 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (collecting cases). The Court does not abuse its discretion by denying Jackling's motions for reconsideration.

In Jackling's case, the Court entered judgment on September 6, 2023. (ECF No. 78.) Jackling thus had 28 days from entry of judgment **to file** a motion for reconsideration. Jackling did not file his motion for reconsideration within that 28-day window. Denial is appropriate. As discussed next, it is also required.

***The Court lacks discretion to extend Jackling additional time.***

Normally, the Court would extend a *pro se* litigant like Jackling additional time to file. But Fed. R. Civ. P. 6(b)(2) belies this. It states that the Court cannot extend the time for motions for reconsideration. *See id.*

Relatedly, Jackling's motion is appropriately construed as a motion for reconsideration. First, it bears that title. And second, in substance, it asks the Court to reconsider its grant of summary judgment. *See Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) ("Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment.") (citation omitted). This means that the Rule 6(b)(2) applies, preventing the Court from extending Jackling any additional time.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Jackling's motions for reconsideration. (ECF Nos. 79 & 84.)

**IT IS SO ORDERED.**

Dated:  November 9, 2023
         Rochester, NY

MARK W. PEDERSEN
United States Magistrate Judge